In the Matter of Proving the Last Will and Testament of ROBERT P. GREEN, Deceased, as a Will of Real and Personal Property.

MARIAN GREEN and Others, Appellants; BANKERS TRUST COMPANY, as Executor, etc., of ROBERT P. GREEN, Deceased, Respondent.

First Department, March 4, 1927.

Wills — execution — competency of testator — probate — error for court to refuse to admit in evidence documents in handwriting of decedent not shown to have been written within one or two years of date of will — evidence would have justified jury in finding that decedent was of unsound mind — error to direct verdict in favor of proponent.

In proceedings to probate the alleged will of the decedent which was contested on the ground that the decedent was of unsound mind, it was error for the court to refuse to receive in evidence documents in the handwriting of the decedent not shown to have been written by him within one or two years of the date of the will. The evidence upon the trial would have amply justified the jury in finding that the decedent was of unsound mind, and it was error, therefore, for the court to direct the jury to return a verdict in favor of the proponent.

APPEAL by Marian Green and others from a decree of the Surrogate's Court of the county of New York, entered in the office of said Surrogate's Court on the 20th day of December, 1924, admitting the will of testator to probate.

*John F. O' Neil,* for the appellants.

*David Paine* of counsel [*Lyndon Arnold* with him on the brief; *White & Case,* attorneys], for the respondent.

PER CURIAM. We are of the opinion that the surrogate erroneously refused to receive in evidence upon the trial documentary proof offered by the contestants. These documents were

proven to be in the handwriting of the decedent, and the surrogate erroneously refused to receive such of the documents as were not shown to have been written by the decedent within one or two years of the date of the will. The evidence upon the trial before the surrogate would have amply justified the jury in finding that the decedent, at the time he executed the proposed will, was of unsound mind and incapable of executing a valid will disposing of real and personal property. We are of the opinion, therefore, that the surrogate erred in directing the jury to return a verdict in favor of the proponent that at the time of the execution of the proposed will the decedent was of sound mind and competent to dispose of his estate by will.

The decree should, therefore, be reversed and a new trial ordered, with costs to the appellants to abide the event, payable out of the estate, and the proceedings remitted to the Surrogate's Court for further action in accordance with this opinion.

Present — DOWLING, P. J., MERRELL, FINCH, McAVOY and PROSKAUER, JJ.

Decree reversed and a new trial ordered, with costs to the appellants to abide the event, payable out of the estate, and proceeding remitted to the Surrogate's Court for further action in accordance with opinion.